UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>AMWINS ACCESS INSURANCE SERVICES, LLC, F/K/A GRESHAM & ASSOCIATES, INC., AMWINS GROUP, LLC, AMWINS BROKERAGE OF FLORIDA<br><br>    Defendants. | CASE NO. |

## COMPLAINT

COMES NOW, the Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY ("Plaintiff"), by and through the undersigned counsel and in accordance with Fed. R. Civ. P. 3 and 8, hereby propound the following Complaint against the Defendant, AMWINS ACCESS INSURANCE COMPANY, LLC, F/K/A GRESHAM & ASSOCIATES, INC., AMWINS GROUP, LLC, and AMWINS BROKERAGE OF FLORIDA (collectively "Defendants"), and in support thereof states as follows:

**PARTIES, RELEVANT NON-PARTIES & RELATIONSHIPS**

1. Plaintiff is New York corporation authorized to conduct business under the laws of the State of Florida.

2. Plaintiff maintains a principal address of 605 Waterford Park, 605 Highway 169 North, Suite 800, Plymouth, MN 55441.

CASE NO.

3. In or around 2004, Gresham & Associate, Inc. ("Gresham"), entered into a Broker Agreement ("Agreement") with OneBeacon. *See* Exhibit "A".

4. In or around 2013, Gresham was acquired by AmWINS Group Inc., AmWINS Group LLC, or an entity operating under the AmWINS Group LLC's company umbrella.

5. Upon information and belief, either AmWINS Group Inc., AmWINS Group LLC, or an entity operating under the AmWINS Group LLC's company umbrella is the express or implied successor to Gresham and assumed Gresham's obligations under the Agreement, the acquisition was a de facto merger between Gresham and AmWINS Group Inc., AmWINS Group LLC, or an entity operating under the AmWINS Group LLC's company umbrella, or either AmWINS Group Inc., AmWINS Group LLC, or an entity operating under the AmWINS Group LLC's is a mere continuation of Gresham.

6. In or around the time of the Gresham acquisition, AmWINS Group Inc. was withdrawn as a corporate entity due to its merger, consolidation or conversion into AmWINS Group, LLC ("AmWINS Group").

7. AmWINS Group, LLC, is a Delaware company with a principal address of 4725 Piedmont Row Drive, Suite 600, Charlotte, NC 28210.

8. In or around 2015, Gresham changed its name to AmWINS Access Insurance Services, LLC ("AmWINS Services").

9. AmWINS Services is a Georgia entity authorized to conduct business under the laws of Florida and maintains a principal address of One Gresham Landing, Stockbridge, GA 30281.

10. AmWINS Services maintains the same address as its predecessor entity.

CASE NO.

11. Upon information and belief, AmWINS Services is a mere continuation of Gresham and was either conveyed the interest in Gresham directly from Gresham, from AmWINS Group or from an entity operating under the AmWINS Group company umbrella.

12. During 2015, an entity operating under the AmWINS Group company umbrella continued operating under the Agreement entered into by OneBeacon and Gresham.

13. Specifically, in 2015, AmWINS Brokerage of Florida, Inc. ("AmWINS Brokerage") procured insurance from Plaintiff on behalf of Recovery Performance & Marine, LLC and Hayim Real Estate Holdings, LLC dba Jet Ski of Miami & Fishermans Boat Group ("Jet Ski of Miami") pursuant to the Agreement.

14. AmWINS Brokerage is a Georgia entity with a principal address of Two Harbour Place, 302 Knights Run Ave., Suite 1240, Tampa, Florida 33602.

15. The AmWINS Brokerage office that procured insurance on behalf of Jet Ski of Miami is located at 7108 Fairway Dr., Suite 200, Palm Beach Gardens, FL 33418.

16. The insurance procured by AmWINS Brokerage on behalf of Jet Ski of Miami was a renewal of Policy No. B5JH24072, which had a policy period from 12:01 AM on August 2, 2015 to August 2, 2016 ("Policy").  *See* Exhibit "B".

17. Jet Ski of Miami, whose manager is G. Stuart Hayim, is an entity organized and authorized to operate under the laws of Florida and maintains its principle place of business at 3800 NW 27th Ave., Miami, FL 33142.

**FACTUAL BACKGROUND - UNDERLYING INCIDENT & INSURANCE POLICY**

18. This action arises from a marine insurance dispute.

19. The marine insurance dispute was triggered after Mr. Hayim allided at 148 miles per hour with a United States Coast Guard navigational buoy near Long Island.

CASE NO.

20. At the time of the allision, which occurred on September 3, 2015, Mr. Hayim was operating a 50 foot Marine Technology Inc. Powerboat, Hull No. VIC50231H415 ("Powerboat"), purportedly insured under the Boat Dealers coverage contained in Policy.

21. Based on Defendants explicit advisement, Plaintiff underwrote the Policy under the mistaken impression that the Powerboat was a part of Jet Ski of Miami's sales inventory and was to be used only on rare occasion by Mr. Hayim for personal use.

22. However, when the Powerboat allided with the buoy, Mr. Hayim was in fact attempting to beat his previous world speed record for racing around Long Island and Manhattan.

23. As a consequence of the allision, Jet Ski of Miami made a damages claim to Plaintiff of $618,000.00 to $1,197,000.00 under the Policy.

24. Eventually, Jet Ski of Miami (specifically Recovery Performance & Marine, LLC) settled the claim for $650,000.00.

25. As set forth below, generally, Plaintiff contends that AmWINS Brokerage deceptively omitted and/or affirmatively misrepresented how Jet Ski of Miami and Mr. Hayim intended to use the Powerboat, despite having actual knowledge or a reasonable belief that Mr. Mayim intended to race the Powerboat, which was a breach of duties owed to Plaintiff.

26. Alternatively, AmWINS Brokerage so recklessly and carelessly transmitted false and incorrect so as to have been deemed to have intentionally acted in total disregard for the interests of Plaintiff and with knowledge that such action exposed Plaintiff to unexpected contractual risks under the Policy.

27. Upon information and belief, AmWINS Brokerage made this explicit advisement in its capacity as a broker based on the authorization AmWINS Services, AmWINS Group or

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

another entity operating under the AmWINS Group company umbrella that is the successor interest to Gresham in the Agreement.

## JURISDICTION & VENUE

28. Federal admiralty jurisdiction exists as lawsuit arises from a dispute concerning a marine insurance policy. *St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009).

29. Additionally, federal diversity jurisdiction exists under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and Plaintiff has diverse citizenship from each Defendant's state of incorporation and principal place of business. [D.E. 1, ¶¶ 1, 2, 7, 9, 14, 23.]

30. Venue is proper under 28 U.S.C. § 1391 in the Southern District of Florida because the misrepresentation and omissions were made by the Palm Beach Gardens office of AmWINS Brokerage to procure insurance for an entity located in Miami. [D.E. 1, ¶¶ 15, 17.] Furthermore, the Policy was issued to cover risks which may arise within this District as the principal place of business of the insured is located with the Southern District of Florida.

31. Defendants purposefully availed themselves to the privilege of conducting the aforementioned marine insurance activities within Florida, thus invoking the benefits and protections of its laws. [D.E. 1, ¶¶ 4 – 17]

32. Defendants have systematic and continuous business contacts with the state of Florida through conduction the aforementioned marine insurance activities within Florida. [D.E. 1, ¶¶ 4 – 17]

## COUNT I: PROFESSIONAL NEGLIGENCE
### (Against All Defendants)

33. Plaintiff readopts and realleges all previous allegations in ¶1-32 above.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO.

34. Plaintiff sought professional insurance brokering services from Defendants and entered into an Agreement for the same. *See* Exhibit "A".

35. In the capacity as professional insurance brokers, Defendants had a duty to provide accurate information regarding the intended use of the Powerboat so that Plaintiffs could properly underwrite the policy.

36. Defendants breached this duty when they deceptively omitted and/or affirmatively misrepresented the intended use of the Powerboat as rare personal use rather than disclosing Mr. Hayim's intent to race the Powerboat.

37. Alternatively, Defendant breached their duty by failing to take any steps whatsoever to confirm the information regarding the intended use of the Powerboat.

38. Defendants' failure to provide accurate information regarding the intended use of the Powerboat caused Plaintiff to sustain economic damages because, had Plaintiff known the intended use, Plaintiff would have elected not to underwrite the risk.

39. Specifically, Plaintiff has sustained economic damages by making payments under the Policy, which was not correctly underwritten due to Defendants professional negligence.

40. WHEREFORE, Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully request this honorable Court enter an Order directing the Defendants, AMWINS ACCESS INSURANCE SERVICES, LLC, F/K/A GRESHAM & ASSOCIATES, INC., AMWINS GROUP, LLC, and AMWINS BROKERAGE OF FLORIDA, to reimburse all payments made by Plaintiff under the Policy to Jet Ski of Miami as a result of the September 3, 2015 allision and any other relief the Court deem just and proper.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO.

- 7 -

## COUNT II: BREACH OF FIDUCIARY DUTY
**(Against All Defendants)**

41. Plaintiff readopts and realleges all previous allegations in ¶1-32 above.

42. Plaintiff necessarily relies on the information provided by or through brokers in making determinations as to whether to insure any particular risk. It is a necessary element of the relationship between and insurer and broker that the insurer places its trust and confidence in the broker and the information provided by the broker and must rely thereon. The broker is fully aware that the insurer has placed such trust in it and that it is acting in the capacity of a fiduciary towards the insurer when submitting information intended to be utilized for the placement of insurance.

43. Defendants had a fiduciary duty to provide information to Plaintiff that was accurate regarding the intended use of the Powerboat.

44. Defendants breached this duty to Plaintiff when they deceptively omitted and/or affirmatively misrepresented the intended use of the Powerboat.

45. Alternatively, Defendant breached the duty by failing to take any steps whatsoever to confirm the information regarding the intended use of the Powerboat which it passed on the Plaintiff.

46. Specifically, Defendants made the representation in an email dated March 4, 2015 that Mr. Hayim "will on rare occasion use this boat for personal use" rather than candidly disclosing that Mr. Hayim intended to race the Powerboat.

47. The intended use of the Powerboat was a material fact to underwriting the Policy.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO.

48. Plaintiff underwrote the Policy under the impression that the intended use of the Powerboat was for Mr. Hayim's rare personal use, storage and minor use prior to or incident to the sale of the Powerboat to a potential purchaser, as a part of Jet Ski of Miami's sales inventory.

49. Had Plaintiff been made aware of Mr. Hayim and/or Jet Ski of Miami's intended use for the Powerboat, high speed racing, Plaintiff would have elected not to underwrite the risk.

50. Plaintiff made payments to Jet Ski of Miami under the Policy to pay for the damage to the Powerboat that resulted from the allision.

51. Therefore, Plaintiff has sustained damages by making payments under the Policy, which was not correctly underwritten due to Defendants breach of fiduciary duty.

WHEREFORE, the Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully request this honorable Court enter an Order directing the Defendants, AMWINS ACCESS INSURANCE SERVICES, LLC, F/K/A GRESHAM & ASSOCIATES, INC., AMWINS GROUP, LLC, and AMWINS BROKERAGE OF FLORIDA, to reimburse all payments made by Plaintiff under the Policy to Jet Ski of Miami as a result of the September 3, 2015 allision and any other relief the Court deem just and proper.

### COUNT III: BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING
**(Against All Defendants)**

52. Plaintiff readopts and realleges all previous allegations in ¶1-32 above.

53. Defendants entered into the Agreement with Plaintiff to act as a broker for Plaintiff's Ocean Marine Coverages. *See* Exhibit "A".

54. Under the terms of the Agreement, Defendants, as independent contractors, were to negotiate and solicit marine insurance to be underwritten by Plaintiff.

55. As a conduit for the negotiation and solicitation of business between Plaintiff and Jet Ski of Miami, Defendants had an implied covenant to provide information to Plaintiff that was accurate regarding the intended use of the Powerboat so that Plaintiffs could properly underwrite the Policy.

56. Defendants breached this implied covenant to the Agreement when they deceptively omitted and/or affirmatively misrepresented the intended use of the Powerboat as rare personal use rather than disclosing Mr. Hayim's intent to race the Powerboat.

57. Alternatively, Defendant breached the implied covenant by failing to take any steps whatsoever to confirm the information regarding the intended use of the Powerboat which it passed on the Plaintiff.

58. The intended use of the Powerboat was a material fact to underwriting the risk because the proposed premium payments in the Policy reflect the risk of insuring the Powerboat.

59. Therefore, the intended use of the Powerboat was a material fact to the negotiation and solicitation of business between Plaintiff and Jet Ski of Miami.

60. Plaintiff underwrote the Policy under the impression that the intended use of the Powerboat was for Mr. Hayim's rare personal use, storage and minor use prior to or incident to the sale of the Powerboat to a potential purchaser, as a part of Jet Ski of Miami's sales inventory.

61. Had Plaintiff been made aware of Mr. Hayim and/or Jet Ski of Miami's intended use for the Powerboat, high speed racing, Plaintiff would have elected not to underwrite the risk.

62. Plaintiff made payments to Jet Ski of Miami under the Policy to pay for the damage to the Powerboat that resulted from the allision.

CASE NO.

63. Accordingly, Plaintiff has sustained damages by making payments under the Policy, which was not correctly underwritten due to Defendants breach of the implied covenant of good faith and fair dealing arising from the Agreement.

WHEREFORE, Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully request this honorable Court enter an Order directing the Defendants, AMWINS ACCESS INSURANCE SERVICES, LLC, F/K/A GRESHAM & ASSOCIATES, INC., AMWINS GROUP, LLC, and AMWINS BROKERAGE OF FLORIDA, to reimburse all payments made by Plaintiff under the Policy to Jet Ski of Miami as a result of the September 3, 2015 allision and any other relief the Court deem just and proper.

Respectfully submitted,

/s/ James N. Hurley
James N. Hurley
Fla. Bar No. 354104
Email: jhurley@fowler-white.com

Christine M. Walker
Fla. Bar No. 98166
Email: cwalker@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

4813-4037-8159, v. 2